UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEVIN YOUNG | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2458 |
| ST. JOHN THE BAPTIST PARISH SHERIFF'S OFFICE, ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me are Plaintiff Devin Young's motion to withdraw deemed admissions and motion for expedited hearing on same. ECF Nos. 23, 24. As of this date, no party filed an Opposition Memorandum, although the deadline for same expired on Tuesday, August 11, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the submission and argument of counsel, and the applicable law, Plaintiff's motion to withdraw deemed admissions and request for expedited hearing on same are GRANTED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Devin Young filed suit against Mike Tegre (Sheriff of St. John the Baptist Parish), Deputy Stevie Anthony, Deputy Devin Billiot, Sergeant Benjamin Teetell, the Estate of Deputy Shaquille Guerin, and Ryan Adams alleging unlawful detainment, search and seizure, and excessive force. ECF No. 1. Defendants invoked qualified immunity. ECF No. 8. The Court's March 25, 2026, Scheduling Order scheduled the trial for October 26, 2026, with a discovery deadline of August 7, 2026. ECF No. 13.

Defendants served Requests for Admission on March 25, 2026. ECF Nos. 14-8, 14-9. Plaintiff, however, failed to respond timely due to inadvertence of counsel. ECF No. 23.

1

Defendants filed a motion for summary judgment on April 28, 2026, which is pending and is premised in part on the deemed admissions. *See* ECF No. 14 at 1-2.

Plaintiff now moves to withdraw the deemed admissions to allow the case to be resolved on the merits. ECF No. 23 at 1-2. Plaintiff alleges that withdrawal of the deemed admissions will not prejudice Defendants, and several of the deemed admissions are contradicted by the Taser event log, Sheriff's Office incident report and photographs, and body-worn cameral footage. *Id.* at 2; *see also* ECF No. 23-1 at 2-10. Plaintiff has now provided responses to the Requests for Admission. ECF No. 23-2. Plaintiff noticed the motion for hearing on August 19, 2026, but requested expedited consideration to precede resolution of the pending summary judgment, which was continued to September 9, 2026. ECF Nos. 23-4 at 1; No. 28.

Defendants did not file an Opposition Memorandum as of this date, and the deadline expired on Tuesday, August 13, 2026.

## II.    **APPLICABLE LAW AND ANALYSIS**

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A). Requests for admissions allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[1] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[2]

---

[1] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *1 (E.D. La. June 27, 2007) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).
[2] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Rule 36 instructs litigants how to answer and object to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4). "The ground for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5). A matter is deemed admitted unless, within 30 days of service, the party to whom the request is directed provides a written answer or objection addressed to the matter and signed by the party or its attorney. FED. R. CIV. P. 36(a)(3). "A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[3] A litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admissions must move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b), which provides in pertinent part:[4]

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

The Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions. Under the first prong, the court considers whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits, whether

---

[3] *Carney*, 258 F.3d at 419 (citing *AAA Legal Clinic*, 930 F.2d at 1120).
[4] *Id.*

the admission is contrary to the record, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[5]

Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth[6] or incur costs of discovery to replace the deemed admissions.[7]  Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[8] Courts also consider the timing of the motion, the time remaining before expiration of the discovery deadline, and the diligence of the party.[9]  Regardless, even if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission.[10]

Allowing Plaintiff to withdraw the deemed admissions is proper.  Although the Scheduling Order's discovery deadline has passed, the parties have delayed fact discovery until resolution of the qualified immunity defense.  ECF No. 23 ¶ 6, at 2.[11]  Further, while the requests for admission

---

[5] *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 18-823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (quoting *Fakhuri v. Farmers New World Life Ins. Co.*, No. 09-1093, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010) (quoting *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion))).

[6] *N. La. Rehab. Ctr. Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)).

[7] *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983).

[8] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021) (Guidry, J.) (citing *Express Lien, Inc. v. RoHillCo Bus. Servs. LLC*, No. 13-4889, 2014 WL 1870621, at *2 (E. D. La. May 8, 2014)); *AAA Legal Clinic*, 930 F.2d at 1120; *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990); *see also Fakhuri,* 2010 WL 3701575, at *2.

[9] *Branch Banking & Tr. Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); *N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

[10] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (citing *Carney*, 258 F.3d at 419-20).

[11] While discovery is not automatically stayed pending a ruling on a dispositive motion, when dismissal is sought based on qualified immunity, a stay of discovery is virtually routine because qualified immunity is not only a defense to liability but also a limited entitlement not to stand trial or face the other burdens of litigation. *See Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 14-257, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("[A] motion to dismiss does not automatically stay discovery . . . until the motion is resolved." (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008))); *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009);

address the factual basis of the claim, Plaintiff asserts that the documentary and video evidence contradict the admissions.  Requiring Defendants to defend the merits of the claim is insufficient to establish prejudice.  Allowing Plaintiff to withdraw the deemed admissions is favored as it will allow for resolution of the case on its merits rather than his procedural error, and such allowance does not prejudice Defendants.  Moreover, no other circumstances justify denying the request to withdraw the admissions despite satisfaction of the Rule 36(b) factors.

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's motion to withdraw deemed admissions and request for expedited hearing on same are GRANTED.

Dated this _____13th_____ day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012))).